## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOELLEN CHAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>ALLEGO, INC.,<br><br>        Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Joellen Chan ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

### NATURE OF THE ACTION

1.  This is a class action lawsuit brought against Defendant Allego, Inc. ("Defendant" or "Allego") for wiretapping communications of sales representatives and potential customers of companies who contract with Defendant. These companies employ Allego, a third party, to provide sales optimization services. Part of the suite of services offered by Allego is the recording of sales calls to create sales team training programs and to attempt to improve future sales calls with the use of AI.  The communications made during the sales calls are routed through the servers of and are used by Allego to, among other things, secretly observe, record, and analyze telephonic communications in real time. Defendant collects this information without the knowledge or consent of either the sales associate or the person on the other end of the sales call. By doing so, Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631.

2.  Plaintiff brings this action on behalf of all persons whose communications were

intercepted or recorded by Allego over the Class Period.

## THE PARTIES

3.      Plaintiff Joellen Chan is a California resident and citizen who lives in Los Angeles, California.  Ms. Chan worked as a sales associate for Abbott Laboratories from January 2018 to August 5, 2022. Abbott Laboratories contracts with Allego to obtain sales optimization services.  Ms. Chan was in California when she made each of her sales calls for Abbott Laboratories.  During each call, Ms. Chan's communications were intercepted in real time and were disclosed to Defendant through the wiretap.  Ms. Chan was unaware at the time that her telephonic communications were being intercepted in real-time and would be disclosed to Allego, nor did Ms. Chan provide her prior consent to the same.  Ms. Chan was not asked for, nor did she provide her prior consent to, disclosure of this information to Allego.

4.      Defendant Allego, Inc. is a Delaware company with its principal place of business at 300 Fifth Ave, 4th floor Waltham, MA 02451.

5.      Allego is a marketing software-as-a-service ("SaaS") company, primarily offering sales optimization software and applications focused on sales, customer service, marketing, and analytics.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from at least one Defendant.

7.      This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in this District.

8.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because Defendant resides in this District.

## STATEMENT OF FACTS

### I.      Overview Of The Wiretaps

9.      Allego offers a variety of optimization services for corporate sales teams. One set of these services is Allego's "Conversation Intelligence," which allows its customers to "analyze and understand the reality of every sales call, demo and meeting."

10.     Conversation Intelligence is based on recording sales calls between sales representatives employed by Allego's customers and their prospective sales.  All call recordings are run through an AI software program in real time, which analyzes each call and produces a report detailing how much time the sales rep spent talking or listening and whether the sales rep used specific key words or phrases and, if so, how many times those words and phrases were used.

11.     Allego advertises that it records and analyzes sales calls on its website.  The photos below are taken from Allego's website and describe the functionality of Conversation Intelligence.





## II.     Defendant Wiretapped Plaintiff's Electronic Communications

12.     Plaintiff made sales calls for Abbott Laboratories in the course of her employment.

13.     During those calls, Allego intercepted the content of Plaintiff Chan's communications with the potential customers in real time. The content of those calls was analyzed by Allego to produce conversation intelligence reports and provide feedback on Plaintiff's sales performance.

14.     While the employer of the sales representatives (in this case, Abbott Laboratories) knows that Allego is intercepting the call, the sales representatives and customers do not. Both parties, if they are aware they are being recorded at all, believed that the recording was being conducted and kept by the employer—in Plaintiff's case, Abbott Laboratories.

15.     Parties to the calls, including Plaintiff, are thus not on notice of any wiretapping when they begin the sales call, nor do they provide prior consent to the same.

4

16.    Plaintiff Chan was in California when making her sales calls for Abbott Laboratories.  Her calls were recorded by Allego and sent for analysis to Allego's servers, which are located in Massachusetts.

17.    Allego has access to class members' calls because Allego contracts with the various corporations to provide the Conversation Intelligence service.

## CLASS ACTION ALLEGATIONS

18.    Plaintiff seeks to represent a class of all California residents whose communications were intercepted or recorded by Allego (the "Class").

19.    Plaintiff reserves the right to modify the foregoing Class definition as appropriate based on further investigation and discovery obtained in the case.

20.    Members of the Class are so numerous that her individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

21.    Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.  Common legal and factual questions include, but are not limited to, whether Defendant violated the CIPA; and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

22.    The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, had her communications intercepted and recorded by Allego during sales calls.

23.    Plaintiff is an adequate representative of the Class because her interests do not

conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

24.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.  Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CAUSES OF ACTION

### COUNT I
**Violation of California Invasion of Privacy Act**
**Cal. Penal Code § 631**

25.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26.     Plaintiff brings this claim against Defendant individually and on behalf of the Class against Defendant.

27.     CIPA § 631(a) imposes liability for "distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192-93 (1978).  Thus, to establish liability

under CIPA § 631(a), a plaintiff need only establish that the defendant, "by means of any

machine, instrument, contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,
>
> *Or*
>
> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,
>
> *Or*
>
> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> *Or*
>
> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

28.     Section 631(a) is not limited to phone lines, but also applies to "new

technologies" such as computers, the Internet, and email.  *See Matera v. Google Inc.*, 2016 WL

8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be

construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google,

Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic

communications"); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir.

2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's

collection of consumers' Internet browsing history); *Javier v. Assurance IQ, LLC*, 2022 WL

1744107, at *1 (9th Cir. May 31, 2022) ("Though written in terms of wiretapping, Section 631(a)

applies to Internet communications.").

29.     Allego's Conversation Intelligence software is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue here.

30.     Allego is a "separate legal entity that offers 'software-as-a-service' and not merely a passive device." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 520 (C.D. Cal. 2021).  Accordingly, Allego was a third party to any communication between Plaintiff and Class Members, on the one hand, and the other party to the sales call on the other.  *Id.* at 521; *see also Javier v. Assurance IQ, LLC*, 2023 WL 114225, at *6 (N.D. Cal. Jan. 5, 2023).

31.     At all relevant times, by recording and analyzing calls using Conversation Intelligence, Allego willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and putative Class Members, on the one hand, and the other party to the sales call on the other, while the electronic communications were in transit, or were being sent from or received at any place within California.  Specifically, (i) as alleged above, Allego intercepted each communication while the communication was in transit; and (ii) separately, each communication by Plaintiff and Class Members was sent from California and received by Allego in Massachusetts.

32.     Plaintiff and Class Members did not provide their prior consent to Allego's intentional access, interception, reading, learning, recording, and collection of Plaintiff' and Class Members' electronic communications.  *Javier*, 2022 WL 1744107, at *2 ("[W]e conclude that the California Supreme Court would interpret Section 631(a) to require the prior consent of all parties to a communication.").

33.     The violation of CIPA § 631(a) constitutes an invasion of privacy sufficient to confer Article III standing.

34.     Plaintiff and Class Members seek all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order certifying the Class under Rule 23, naming Plaintiff as the representative of the Class, and naming Plaintiff' attorneys as Class Counsel to represent the Class;

(b)     For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(c)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d)     For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiff and the Class her reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: August 3, 2023                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Joel D. Smith*
          Joel D. Smith

Joel D. Smith (BBO 712418)

1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email:  jsmith@bursor.com

*Attorneys for Plaintiff*